GUYON F. GOSMAN AND GEORGE H. GOSMAN, APPEL-
LANTS, v. JOHN P. CRUGER AND ELIZA L. C. CRUGER,
RESPONDENTS.

*Married woman — liability of.*

This action was brought against the defendant Eliza Cruger, a married woman,
as one of the sureties of one Olcott, upon a bond given by him as the guardian
of the plaintiffs. There was nothing in the undertaking charging the separate
estate of the defendant. *Held*, that she was not liable thereon.

APPEAL from a judgment of the Special Term dismissing the
complaint as to the defendant Eliza L. C. Cruger.

*Elihu Root*, for the appellants.

*C. Frost*, for the respondent.

TALCOTT, J. :

The action is brought against the defendant Eliza L. C. Cruger,
upon a bond signed by her, whereby she became one of the sureties
of Edwin R. Olcott as the guardian of the plaintiffs, then being
minors. The Special Term dismissed the complaint as to Mrs.
Cruger, who it appeared was a married woman at the time of the
execution of the bond, upon the ground of her coverture. The
decision at the Special Term was in accordance with the settled law
of this State, as laid down in several decisions of the court of last
resort, by which it has been determined that the contract of a mar-
ried woman, except such contracts as relate to the business in
which she has been engaged on her own account, under the statute
which authorizes her to carry on business on her own account, is
void at law; and any separate estate which she may own at the
time of making the contract, can be charged with liability for a
debt founded on such contract, only when the intent to charge it is
"declared in the contract which is the foundation of the charge, or
when the consideration is for the direct benefit of her separate
estate." (*Yale* v. *Dederer*, 18 N. Y., 265; S. C., 22 id., 450;
*Maxon* v. *Scott*, 55 id., 247.)

It is claimed by the appellant, that inasmuch as the law, under which the bond was given, required that the sureties in such a bond must each be worth the amount specified in the penalty of the bond, therefore, it is to be presumed that Mrs. Cruger intended, or the court accepting the bond intended, that it should operate as a pledge of her separate estate. Conceding the reasonableness of such an inference, it presents no stronger case for charging the separate estate than was presented on the second trial of the case of *Yale* v. *Dederer* (22 N. Y., *supra*), where the court had expressly found an intention to charge the separate estate.

There is no safety in multiplying exceptions to the plain and clear rule laid down by the court of last resort, viz., that in order to operate as a charge upon her separate estate, when the engagement of a *feme covert* is made upon a consideration in which she or her estate has no direct interest, the intention to charge must be expressed in the contract which is the foundation of the charge.

The judgment is affirmed, with costs of the appeal.

Present — TALCOTT and PRATT, JJ. BARNARD, P. J., not sitting.

Judgment affirmed, with costs.